## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent/Plaintiff, | ) |
| | ) |
| v. | ) Civ. A. No. 05-466-SLR |
| | ) Cr. A. No. 02-27-SLR |
| | ) |
| JOHN WILSON, | ) |
| | ) |
| Movant/Defendant. | ) |

## MEMORANDUM OPINION

John Wilson. Pro se movant.

Edmond Falgowski, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Attorney for respondent.

December  17 , 2007
Wilmington, Delaware

**ROBINSON,** Judge

## I. INTRODUCTION

John Wilson ("movant") filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (D.I. 59) The government filed its answer in opposition, and movant filed a reply. (D.I. 76; D.I. 78) For the reasons discussed, the court will deny movant's § 2255 motion without holding an evidentiary hearing.

## II. PROCEDURAL AND FACTUAL BACKGROUND

On July 25, 2002, movant pled guilty to credit card fraud and possession of false federal identification. (D.I. 18) The court sentenced him to thirty-three (33) months imprisonment, followed by three (3) years of supervised release, and ordered him to pay restitution in the amount of $41,286.84. (D.I. 30) Thereafter, at movant's request, the court dismissed movant's court-appointed counsel, and a new attorney was appointed to prosecute movant's direct appeal. (D.I. 31; D.I. 32); See United States v. Wilson, 80 Fed. Appx. 274, 2003 WL 22594401 (3d Cir. Nov. 10, 2003).

After meeting with movant and reviewing the record and caselaw, movant's newly appointed counsel moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). Acting pro se, movant filed an informal brief challenging the amount of loss set forth in the stipulation between the government and movant. Movant also asserted that the court erred by refusing to depart downward based on his psychological history, his health status, and his traumatic childhood. Upon review, the Third Circuit Court of Appeals granted counsel's motion to withdraw and affirmed movant's conviction and sentence, specifically holding that its own independent review of the record revealed no

non-frivolous issues for appeal, and that the issued presented in movant's informal brief lacked legal merit. Wilson, 2003 WL 22594401.

On June 16, 2004, movant completed the portion of his federal sentence requiring incarceration. However, before he started serving the supervised release portion of his federal sentence, movant was transported to Virginia on an outstanding arrest warrant for a violation of probation under a Virginia state sentence. On July 2, 2004, a Virginia state court sentenced movant to one year incarceration for his violation of probation.

Movant was released from the Virginia state penitentiary on April 4, 2005. According to the terms of his federal supervised release, movant was required to report to a United States Probation Office within 72 hours of his release from incarceration. Movant failed to comply with this reporting requirement and, therefore, on May 12, 2005, the court issued an arrest warrant on a petition charging movant with a violation of federal supervised release. (D.I. 45) Movant was arrested on May 17, 2005 in Washington, D.C., and soon returned to Delaware.

After conducting a hearing on June 10, 2005, the court found movant in violation of the terms of his supervised release. The court sentenced movant to 8 months imprisonment and revoked the remaining portion of his supervised release. (D.I. 54)

Movant did not appeal the violation of supervised release. Instead, on July 1, 2005, he filed the instant § 2255 motion. (D.I. 59) The government filed an answer asking the court to deny the § 2255 motion as meritless. (D.I. 76) Movant filed a response to the government's answer, asking the court to immediately release him from

2

his 8 month sentence and honor the court's prior revocation of supervised release.
(D.I. 78)

According to Federal Bureau of Prisons Inmate Locator, movant was released from federal custody on January 13, 2006. See Federal Bureau of Prisons Inmate Locator, www.bop.gov (Dec. 12, 2007). In February 2006, movant filed a motion asserting that the federal probation officer presiding over his case perjured himself during movant's revocation of supervised release hearing, and asked that the officer be held in contempt. (D.I. 80) The government filed a response arguing that the motion for sanctions should be denied. (D.I. 82) On May 3, 2006, the court received a change of address for movant demonstrating that movant has been released from the incarceration caused by the revocation of his supervised release.

## III. DISCUSSION

Movant asserts three grounds for relief in his § 2255 motion: (1) the probation officer committed perjury during movant's revocation of supervised release hearing; (2) movant presented the court with evidence that he had a job and that the other allegations regarding his violation of supervised release were untrue, but the court still imposed the 8 month sentence for violation of supervised release; and (3) defense counsel provided ineffective assistance during movant's revocation of supervised release hearing. Movant asks for immediate release from the 8 month sentence or a new "Probation Revocation Hearing." (D.I. 59; D.I. 78)

Pursuant to Article III, Section 2, of the United States Constitution, federal courts can only consider ongoing cases or controversies. Lewis v. Continental Bank, Corp., 494 U.S. 472, 477-78 (1990); United States v. Kissinger, 309 F.3d 179, 180 (3d Cir.

3

2002)(finding that an actual controversy must exist during all stages of litigation). When a habeas petitioner challenges his underlying conviction, and he is released during the pendency of his habeas petition, federal courts presume that "a wrongful criminal conviction has continuing collateral consequences" sufficient to satisfy the injury requirement. Spencer v. Kemna, 523 U.S. 1, 8 (1998); see Steele v. Blackman, 236 F.3d 130, 134 n.4 (3d Cir. 2001). However, when a petitioner does not attack his conviction, the injury requirement is not presumed. Chong v. District Director, INS, 264 F.3d 378, 383-84 (3d Cir. 2001). "[O]nce a litigant is unconditionally released from criminal confinement, the litigant [can only satisfy the case-and-controversy requirement by] prov[ing] that he or she suffers a continuing injury from the collateral consequences attaching to the challenged act," Kissinger, 309 F.3d at 181, "that is likely to be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7. Therefore, as a threshold matter, if movant's claims are moot due to the completion of his sentence imposed by the court, the court must dismiss the § 2255 motion for lack of jurisdiction. See North Carolina v. Rice, 404 U.S. 244, 246 (1971)("mootness is a jurisdictional question"); Chong, 264 F.3d at 383-84.

In this case, the record conclusively shows that movant was released from custody in 2006, and he is no longer serving any portion of the 8 month sentence imposed for his violation of supervised release. The court does not discern any collateral consequences resulting from his supervised release revocation that satisfies Article III's "injury in fact" requirement. See, e.g., United States v. Robinson, 39 Fed. Appx. 723, 725-6 (3d Cir. 2002)(non-precedential opinion). Therefore, the court will

4

deny the § 2255 motion as moot because it can no longer afford movant the primary
relief requested therein.

## IV. PENDING MOTION

In February 2006, movant filed a motion asking the court to find a federal
probation officer in contempt for committing perjury during movant's 2005 revocation of
supervised release hearing. (D.I. 79; D.I. 80) The court has concluded that the instant
§ 2255 motion must be dismissed for lack of jurisdiction because movant is no longer
serving the sentence challenged in his § 2255 motion. Movant's motion for sanctions
involves the same revocation of supervised release proceeding and sentence
challenged in his § 2255 motion. Accordingly, the court will also deny movant's motion
for sanctions as moot.

## V. EVIDENTIARY HEARING

Section 2255 requires a district court to hold a prompt evidentiary hearing on a
2255 motion unless the "motion and the files and records of the case conclusively
show" that the petitioner is not entitled to relief. 28 U.S.C. § 2255; see also United
States v. Booth, 432 F.3d 542, 545-46 (3d Cir. 2005); United States v. McCoy, 410
F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. As previously
explained, the record conclusively demonstrates that movant is not entitled to relief
because his § 2255 motion is moot. Therefore, the court will deny petitioner's § 2255
motion without an evidentiary hearing.

## VI. CONCLUSION

For the reasons stated, the court will dismiss movant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence without an evidentiary hearing. Additionally, the court will not issue a certificate of appealability because movant's § 2255 motion fails to assert a constitutional claim that can be redressed, and reasonable jurists would not find this assessment debatable. See 28 U.S.C. § 2253(c)(2)(A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right."); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Fed. R. App. P. 22; Local App. R. 22.2. The court shall issue an appropriate order.